UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| STEWARD HEALTH CARE SYSTEM LLC, *et al.*, | § § § § | Case No. 24-90213 (CML) (Jointly Administered) |
| Debtors.[1] | § § | |
| THE COMMONWEALTH OF MASSACHUSETTS, *et al.*, | § § § | Lead Case: |
| Appellants,[2] | § § § | Civil Action No. 4:25-cv-02825 |
| v. | § § | Consolidated with: Civil Action No. 4:25-cv-02829 |
| STEWARD HEALTH CARE SYSTEM LLC, *et al.*, | § § § § | Civil Action No. 4:25-cv-02901 |
| Appellees. | § | |

**APPELLANTS' EXPEDITED UNOPPOSED MOTION
TO ABATE BRIEFING DEADLINES**

---

[1] A complete list of the 167 Debtors in the underlying chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward (the "Debtors" or "Appellees").

[2] The appellants in these consolidated appeals are the Commonwealth of Massachusetts (the "Commonwealth" or "Massachusetts"), TRACO International Group S. de R.L. ("TRACO"), and Drs. Manisha Purohit, Diane Paggioli, James Thomas, Thomas Ross, Michael Regan, Peter Lydon, Sridhar Ganda, A. Ana Beesen, Benoy Zachariah, Barry Arkin, Bruce Kriegel, and Gary Miller for themselves and other participants in and beneficiaries of certain of the Debtors' deferred compensation plans (collectively, the "Participants" and, together with the Commonwealth and TRACO, the "Appellants").

4920-6509-3468

TO THE HON. GEORGE C. HANKS, UNITED STATES DISTRICT JUDGE:

Appellants submit this *Expedited Unopposed Motion to Abate Briefing Deadlines* (the "Motion") in this consolidated appeal (the "Settlement Appeal") from the *Order (I) Approving Settlement with FILO Secured Parties; (II) Authorizing and Directing Transfer of Assets in Connection Therewith; (III) Authorizing Amendment to FILO DIP Credit Agreement and Continued Use of Cash Collateral; (IV) Granting Adequate Protection; (V) Approving Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment; and (VI) Granting Related Relief* [Bankr. ECF No. 5035] (the "Settlement Order") entered by the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") until the issues of direct certification of the Commonwealth's related appeal of the Bankruptcy Court's confirmation order and further consolidation of this Settlement Appeal with that appeal are resolved.

## BACKGROUND

On July 25, 2025, the Bankruptcy Court entered its *Findings of Fact, Conclusions of Law, and Order (I) Approving Disclosure Statement on a Final Basis and (II) Confirming Joint Chapter 11 Plan of Liquidation of Steward Health Care System LLC and Its Affiliated Debtors* [Bankr. ECF No. 5774] (the "Confirmation Order" for the "Plan") on a final basis. On August 8, 2025, the Commonwealth

2

timely appealed the Confirmation Order [Bankr. ECF No. 5852] (the "Confirmation Appeal").[3]

Once this Court has jurisdiction over the Confirmation Order, the Commonwealth intends to seek certification of the Confirmation Order and the Settlement Order for direct review by the United States Court of Appeals for the Fifth Circuit (the "Fifth Circuit") under 28 U.S.C. § 158(d)(2), whether opposed or unopposed, due to (i) with respect to the Confirmation Order, a lack of Fifth Circuit precedent to support the Plan's indeterminate effective date and unequal treatment of administrative expense creditors, as well as public policy implications for administrative expense creditors in future chapter 11 cases, where full payment is speculative and (ii) with respect to the Settlement Order, a decision on the *sub rosa* issue that is not supported by Fifth Circuit caselaw.[4]

The Commonwealth intends to seek consolidation of the Settlement Appeal and Confirmation Appeal so that the *sub rosa* issue in this Settlement Appeal may

---

[3] The Confirmation Order was also appealed by the United States Trustee [Bankr. ECF No. 5854], TRACO [Bankr. ECF No. 5858], and the Participants [Bankr. ECF No. 5875].

[4] Having this Court rule on the issues of consolidation and certification for both the Settlement Appeal and Confirmation Appeal, rather than asking the Bankruptcy Court to rule on certification for the Confirmation Appeal while it still has jurisdiction to do so under Federal Rule of Bankruptcy Procedure 8006, will promote consistent rulings and approach to both Appeals. Appellants reserve the right to assert other appealable issues in both the Settlement Appeal and Confirmation appeal.

be considered in connection with the plan confirmation issues. The *sub rosa* issue impacts both appeals because the Bankruptcy Court ruled that the existence of an unconfirmed chapter 11 plan at the time the Settlement was considered to have resolved any *sub rosa* objection [ECF No. 4 ¶¶ 3-4], a basis for which there is no Fifth Circuit precedent.

## RELIEF REQUESTED

Appellants' opening merits brief in this Settlement Appeal is due on August 26, 2025. Appellants move this Court to abate, stay, or suspend all merits briefing deadlines in this Settlement Appeal until the foregoing certification and consolidation issues are resolved. This relief is unopposed by Appellees.

## BASIS FOR RELIEF

Federal Rules of Bankruptcy Procedure 8013 and 9006, and Federal Rule of Appellate Procedure 27(a)(3)(B) provide this Court with the ability to manage timing issues related to appeals of Bankruptcy Court orders in its discretion at the request of a party.

This Court also has the "inherent" power to hold cases in abeyance, "incidental to the power . . . [of] every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

This request for an abatement of briefing is sought in the interest of justice, not for delay, and no party will be prejudiced if the abatement request is granted as the request for a stay of the Settlement Order has already been denied as moot [ECF No. 11].

The Court should permit the parties to tailor their briefing in the most efficient manner to resolve the issues presented in the related Settlement Appeal and the Confirmation Appeal by abating briefing deadlines in this Settlement Appeal pending determinations on certification and consolidation of the appeals, and if either or both certification or consolidation are denied by this Court, for a resulting briefing schedule to be set.

## **CONCLUSION**

WHEREFORE, Appellants respectfully request the Court abate, stay, or suspend all merits briefing deadlines in this Settlement Appeal until the foregoing certification and consolidation issues are resolved. A proposed order is attached for the Court's use and consideration.

Dated: August 19, 2025　　　Respectfully submitted,

*THE COMMONWEALTH OF MASSACHUSETTS*

By its attorney,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

By:　*/s/ Hugh M. McDonald*
　　　Hugh M. McDonald (Bar No. NY2420974)
　　　Special Assistant Attorney General
　　　Andrew M. Troop (Bar No. MA547179)
　　　Special Assistant Attorney General

PILLSBURY WINTHROP SHAW PITTMAN LLP

　　　Andrew V. Alfano (Bar No. NY5525241)
　　　31 West 52nd Street
　　　New York, NY 10019
　　　Tel: 212-858-1000
　　　Fax: 212-858-1500

　　　William D. Wood (Bar No. 21916500)
　　　L. James Dickinson (Bar No. 24105805)
　　　609 Main Street, Suite 2000
　　　Houston, TX 77002
　　　Tel: 713-276-7600
　　　Fax: 713-276-7673

*THE PARTICIPANTS*

DIAMOND MCCARTHY, LLP

By: __/s/ Allan B. Diamond__
    Allan B. Diamond, Esq.
    Christopher D. Johnson, Esq.
    909 Fannin Street, 37th Floor
    Houston, TX 77010
    Telephone: (713) 333-5100
    Email:  allan.diamond@diamondmccarthy.com
           chris.johnson@diamondmccarthy.com

- and -

VERRILL DANA LLP

    Robert J. Keach
    Lindsay K. Milne
    Letson D. Boots
    One Portland Square, 10th Floor
    Portland, ME 04101
    Telephone: (207) 774-4000
    Email:  rkeach@verrill-law.com
           lmilne@verrill-law.com
           lboots@verrill-law.com

*TRACO*

STEPTOE LLP

By: __/s/ Michele Jacobson__
    Timothy Walsh (*pro hac vice* pending)
    Michele Jacobson (admitted *pro hac vice*)
    1114 Avenue of the Americas
    New York, NY 10036
    Telephone: (212) 957-3085
    Email: twwalsh@steptoe.com

## CERTIFICATE OF COMPLIANCE

This Motion complies with the type-volume limitation of FED. R. APP. P. 27(d)(2)(A) because it contains 823 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f).

This Motion also complies with the typeface and style requirements of FED. R. APP. P. 27(d)(1)(E) and 32(a)(5) and (6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman typeface.

*/s/ Hugh M. McDonald*
Hugh M. McDonald

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7 and the Court Procedures of the Honorable United States District Judge George C. Hanks, Jr., I hereby certify that counsel for the Appellants and counsel for the Appellees conferred regarding the Motion, and the relief requested is *unopposed*.

*s/ Hugh M. McDonald*
Hugh M. McDonald

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2025, a true and correct copy of the foregoing was served on all parties registered to receive electronic notice through the Court's CM/ECF automatic electronic notice system.

*/s/ Hugh M. McDonald*
Hugh M. McDonald
