IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ----------------------------------------------------§<br>COMMONWEALTH OF §<br>MASSACHUSETTS, §<br>§<br>§<br>Appellant, §<br>§<br>v. §<br>§<br>PLAN ADMINISTRATOR §<br>COMMITTEE, AS TRUSTEE OF §<br>PLAN TRUST OF STEWARD §<br>HEALTH CARE §<br>SYSTEM LLC, *et al.*, §<br>§<br>Appellees, §<br>§<br>----------------------------------------------------§ | Case No. 25-02825 |

**REPLY IN SUPPORT OF APPELLEES'**
**MOTION TO DISMISS APPEALS AS MOOT**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................................i
PRELIMINARY STATEMENT ...................................................................................... 1
ARGUMENT..................................................................................................................... 2
    **I.**    Because the Settlement Was a 363(b) Sale That Was Not Stayed, These Appeals Are Statutorily Moot............................................................... 2
    **II.**    The Settlement Appeals Are Constitutionally Moot ..................................... 6
CONCLUSION ................................................................................................................. 7

Appellees Monica Blacker, Alan J. Carr, and William Transier, in their capacity as sole members of the Plan Administrator Committee, as trustee of the Plan Trust, successor in interest to Steward Health Care System LLC and its affiliated Debtors, respectfully submit this reply in support of *Appellees' Motion to Dismiss Appeals as Moot* (ECF No. 22) (the "Motion").

## PRELIMINARY STATEMENT

Appellants' challenge to the Settlement Order[1] as a *sub rosa* plan is both statutorily moot and moot under Article III. Their arguments to the contrary are unavailing.

First, Appellants have no response to Debtors' arguments showing Appellants' challenge to the sale of Debtors' assets is rendered moot by section 363(m). As the bankruptcy court expressly found, the Settlement Order was a sale of property under section 363(b) that cannot be disturbed unless it was stayed pending appeal. The plain text of section 363(m) and Appellants' own case law all agree. Because the Settlement was a sale of assets under 363(b) that was not stayed, the appeals are statutorily moot.

Second, Appellants fail to show that their *sub rosa* challenge presents a live issue capable of resulting in any meaningful relief. If the appeals went forward and the Court agreed with Appellants that the Settlement was a *sub rosa* plan, the remedy would be to require the Settlement to meet the rigors of plan confirmation. That already happened. So there is no longer any point in adjudicating this appeal.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

For these reasons, under both section 363(m) and Article III, these appeals should be dismissed as moot.

## ARGUMENT

I. **Because the Settlement Was a 363(b) Sale That Was Not Stayed, These Appeals Are Statutorily Moot**

Debtors' moving brief showed that this appeal is moot under section 363(m) because the Settlement was a sale of property (mostly unliquidated litigation claims) to a good-faith purchaser (the Litigation Trust, of which the FILO Lenders are the priority beneficiaries). *See* Mot. 11-13.

Appellants have no persuasive response. They contend—without explanation—that the Settlement was "not a sale to a *buyer*" but rather "a transfer by the Debtors effectively to their own successors to implement creditor distributions." ECF No. 24, at 15-16 (the "Opposition") (emphasis in original). Whatever Appellants mean by this assertion, it is incorrect. Under controlling law, a debtor's sale of litigation claims is subject to the same statutory mootness protection as any sale of property under section 363(m). And a sale to a trust (in which creditors are the primary beneficiaries) is no different than a sale to any other buyer.

A debtor "may sell litigation claims that belong to the estate, as it can other estate property, pursuant to [11 U.S.C.] § 363(b)." *In re Moore*, 608 F.3d 253, 258 (5th Cir. 2010). "[A]ny challenge on appeal to the approval of such a sale is subject to the statutory mootness provision contained in 11 U.S.C. § 363(m)." *Black v. Shor* (*In re BNP Petroleum Corp.*), 642 F. App'x 429, 431-32, 434 (5th Cir. 2016). There is, accordingly, no question

2

that Debtors' sale of litigation claims here was a "sale . . . of property" within the meaning of section 363(m). That is why the Settlement Order explicitly states that Debtors' assets are transferred under 363(b), Settlement Order ¶¶ 6, 42, and that the sale is entitled to 363(m) protections, *id.* ¶ 23; *see In re Boy Scouts of Am.*, 137 F.4th 126, 152 (3d Cir. 2025) (finding section 363(m)'s requirement that "the appeal is from an authorization of a sale under § 363(b)" satisfied where the appealed order expressly authorized a sale "pursuant to section 363" (cleaned up) (citation omitted)).

That Debtors sold the litigation claims to a Litigation Trust (in which the FILO Lenders hold the primary beneficial interest) also does not affect the application of section 363(m). In *In re Alabama Aircraft Industries, Inc.*, 464 B.R. 120 (D. Del. 2012), the court dismissed as statutorily moot an appeal challenging the sale of litigation claims to a litigation trust in which a creditor held a 90% beneficial interest. As the court explained, "the establishment of the Trust was part and parcel of the Debtors' sale." *Id.* at 124. "To receive the highest possible purchase price from [the creditor], [the debtors] included in the asset sale the creation of the Trust and a 90% stake in its beneficial interest." *Id*. The sale here was, in relevant respects, the same. Facing impending foreclosure on Debtors' assets—which would have derailed the bankruptcy cases—Debtors and the FILO Lenders agreed to a transaction in which the FILO Lenders received a first priority interest in a newly created Litigation Trust, into which Debtors transferred unliquidated litigation

claims.[2] "Neither the complexity of the transaction, nor the Debtors' retention of [a portion of] the Trust's beneficial interest," affects statutory mootness. *Id.*

Appellants do not contest any other element of statutory mootness under Section 363(m). They do not (and could not) argue that the "authorization and . . . sale . . . were stayed pending appeal." 11 U.S.C. § 363(m). Nor do they (or could they) argue that the litigation claims were not "purchased . . . in good faith." *Id.* Accordingly, under the statute's plain terms and controlling Fifth Circuit precedent, the appeals challenging the Settlement Order are moot. *See In re BNP Petroleum Corp.*, 642 F. App'x at 431-32, 433-35 (holding appeal statutorily moot where it challenged order approving sale of interest in proceeds from litigation claims to creditor in exchange for releasing creditor's claims); *SR Contr., Inc. v. Hall Palm Spring, L.L.C.* (*In re Palm Springs II, L.L.C.*), 65 F.4th 752, 756-58, 765 (5th Cir. 2023) (holding appeal statutorily moot where sale involved acquisition of property in a credit bid that had transferred the property to a new company formed by the lender as an alternative to foreclosure).

Appellants' own cases support dismissal. *See* Opp. 19-20. In *New Industries, Inc. v. Sneed Shipbuilding, Inc.* (*In re Sneed Shipbuilding, Inc.*), 916 F.3d 405 (5th Cir. 2019), the appeal concerned "a bankruptcy court's approval of a sale of key estate assets, including a

---

[2] In exchange, Debtors received valuable consideration: among other things, the FILO Lenders' claims against Debtors were extinguished; the FILO Lenders relinquished their right to foreclose on all of Debtors' assets; and the FILO Lenders committed to provide $125 million in financing commitments to pursue the litigation claims, provide cash recoveries to other creditors, and allow Debtors to continue the bankruptcies. Settlement Order ¶ 8; *see* Mot. 4-5.

4

settlement necessary to facilitate the transaction." *Id.* at 407. The Fifth Circuit held that "section 363(m) made the bankruptcy court's approval the final word on the subject when the objector did not obtain a stay of that ruling." *Id.* The court refused to perform an "isolated analysis" of just one part of the transaction—which included the sale of property, release of claims, and disbursement of cash to the probate estate—finding that "[p]aying off the probate estate was an essential feature of the sale." *Id.* at 409-10. And the court emphasized the purpose behind section 363(m): "assur[ing] purchasers that once the bankruptcy court approves the sale and it is consummated (that is, the order is not stayed), then no appellate court can later second-guess the deal." *Id.*

*In re Torch Offshore, Inc.*, 327 B.R. 254 (E.D. La. 2005) is not relevant to statutory mootness at all. It contains no discussion of mootness nor does it apply—or even mention—section 363(m). Appellants cite and quote extensively from this case not because it bears on the mootness issue before the Court but, apparently, because they believe (incorrectly) that it supports their argument *on the merits*. It does not: *Torch Offshore* underscores "the limits of *Braniff*" and the *sub rosa* plan objection. *Id.* at 259. But that makes no difference because the merits of the appeals are not a factor in whether the appeals are statutorily moot. *See, e.g.*, *Hazard Coal Corp. v. Am. Res. Corp.* (*In re Cambrian Holding Co., Inc.*), 110 F.4th 889, 892 (6th Cir. 2024) ("[I]f a buyer acted in good faith and a challenger fails to obtain a stay, a reviewing court cannot unwind the sale even if the bankruptcy court erred."); *Anheuser-Busch, Inc. v. Miller* (*In re Stadium Mgmt. Corp.*), 895 F.2d 845, 849 (1st Cir. 1990) ("[§ 363(m)] says that the sale must be *authorized* under § 363(b). . . . [I]t matters not whether the authorization was correct or incorrect."

5

(quoting *In re Sax*, 796 F.2d 994, 997-98 (7th Cir.1986))). "Section 363(m) serve[s] the interests of finality and certainty, and by extension, encourage[s] bidding for estate property." *Swiss Re Corp. Sols. Am. Ins. Co. v. Fieldwood Energy III, L.L.C.* (*In re Fieldwood Energy LLC*), 93 F.4th 817, 822 (5th Cir. 2024). Those interests—and Congress' express directive in section 363(m)—do not yield merely because Appellants believe (as all appellants do) that the decision below was incorrect.

## II. The Settlement Appeals Are Constitutionally Moot

Appellants acknowledge that an appeal is constitutionally moot when the court "lacks the power to provide an effective remedy." Opp. 14. That is precisely the case here.

The "central question [for mootness] is whether a once-living dispute continues to be justified by a sufficient prospect that the decision will have an impact on the parties." *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 548 (5th Cir. 2020) (citation omitted).

The Settlement Appeals are moot because "the issues presented are no longer 'live' [and] the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation omitted). If the appeals went forward and the Court agreed with Appellants that the Settlement was a *sub rosa* plan, the remedy would be to require the Settlement to meet the rigors of plan confirmation. That already happened. So there is no longer any point in adjudicating this appeal.

Appellants had the opportunity to vote on the plan, and they (and others) voted against it. But the plan nevertheless succeeded because enough creditors voted for it. The fact that Appellants lost does not negate the reality that they were afforded all the procedural protections they were entitled to. If Appellants were to succeed on the merits of

their *sub rosa* argument, the remedy would be to go back and recreate that process. That already happened when the plan was confirmed, so there is no relief for the court to provide.

Appellants' attempt to distinguish *Life Partners* does not change the reality that even if Appellants were right (they are not) that the Settlement was a *sub rosa* plan when it was first approved, reversing that order now would not accomplish anything.

Finally, Appellants' argument based on *Serta* is irrelevant—Debtors are not arguing equitable mootness, but constitutional mootness. Opp. 15.

## **CONCLUSION**

For the foregoing reasons and those outlined in the Motion, this Court should dismiss the Settlement Appeals as moot.

Dated: November 4, 2025
      Houston, Texas

 */s/ Clifford W. Carlson*
WEIL, GOTSHAL & MANGES LLP
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:  Clifford.Carlson@weil.com

-and-

7

WEIL, GOTSHAL & MANGES LLP
Jeffrey D. Saferstein (*pro hac vice* forthcoming)
Gregory Silbert (*pro hac vice* forthcoming)
Robert S. Berezin (*pro hac vice* forthcoming)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Jeffrey.Saferstein@weil.com
         Greg.Silbert@weil.com
         Robert.Berezin@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
David J. Cohen (*pro hac vice* forthcoming)
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone:  (305) 577-3100
Facsimile:  (305) 374-7159
Email:  DavidJ.Cohen@weil.com

*Attorneys for Appellees*

**CERTIFICATE OF COMPLIANCE**

I hereby certify pursuant to Fed. R. Bankr. P. 8015(h) that the foregoing brief complies with the type-volume limitation of Fed. R. Bankr. P. 8013(f)(3)(C) because, excluding the items exempted by Fed. R. Bankr. P. 8015(g), this document contains 1,825 words.

/s/   *Clifford W. Carlson*
Clifford W. Carlson

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2025 a true and correct copy of the foregoing was electronically served on all parties registered to receive electronic notice in this case pursuant to the Court's CM/ECF filing system.

/s/   *Clifford W. Carlson*
Clifford W. Carlson