**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re:<br><br>STEWARD HEALTH CARE SYSTEM LLC, *et al.*,<br><br>Debtors and Appellees. | §<br>§<br>§<br>§<br>§<br>§ | Chapter 11<br><br>Case No. 24-90123 (CML)<br><br>(Jointly Administered) |
| THE COMMONWEALTH OF MASSACHUSETTS, TRACO INTERNATIONAL GROUP S. DE R.L., AND DR. MANISHA PUROHIT, *et al.*,<br><br>Appellants. | §<br>§<br>§<br>§<br>§<br>§ | Lead Case:<br>Civil Action No. 25-cv-02825<br><br>Consolidated with:<br>Civil Action No. 25-cv-02829<br>Civil Action No. 25-cv-02901 |
| THE COMMONWEALTH OF MASSACHUSETTS,<br><br>Appellant. | §<br>§<br>§<br>§ | Civil Action No. 25-cv-03754 |
| KEVIN M. EPSTEIN, THE UNITED STATES TRUSTEE FOR REGION 7,<br><br>Appellant. | §<br>§<br>§<br>§ | Civil Action No. 25-cv-03755 |
| TRACO INTERNATIONAL GROUP S. DE R.L.,<br><br>Appellant. | §<br>§<br>§<br>§ | Civil Action No. 25-cv-03757 |
| DR. MANISHA PUROHIT, *et al.*,<br><br>Appellant. | §<br>§<br>§ | Civil Action No. 25-cv-03824 |
| DR. MANISHA PUROHIT, *et al.*,<br><br>Appellant. | §<br>§<br>§ | Civil Action No. 25-cv-03830 |

**PARTICIPANTS' RENEWED MOTION FOR RELIEF FROM ABATEMENT OF MERITS BRIEFING AND DEFERRAL OF CONSIDERATION OF PENDING MOTION**

Appellants Drs. Manisha Purohit, Diane Paggioli, James Thomas, Thomas Ross, Michael Regan, Peter Lydon, Sridhar Ganda, A. Ana Beesen, Benoy Zachariah, Barry Arkin, Bruce Kriegel, Gary Miller, Jennifer Skolnick, Stephen McElroy, Robert Dart, Robert Lowenstein, and Irina Kogan for themselves and other participants in and beneficiaries of certain of the Debtors' deferred compensation plans (collectively, the "Participants"), by and through undersigned counsel, repeat and reassert the arguments raised in *Participants' Motion for Relief from Abatement of Merits Briefing and Deferral of Consideration of Pending Motion* [Civil Action No. 4:25-cv-02825, ECF No. 30][1] (the "Motion for Relief") and *Participants' Joinder to Reply of Appellant Keven M. Epstein, United States Trustee, in Support of Motion to Lift Abatement of Merits Briefing* [Civil Action No. 4:25-cv-02825, ECF No. 33][2] (the "Joinder") and submit this Renewed Motion, pursuant to the Abatement Order (as defined below), seeking relief from the abatement of briefing deadlines and deferral of consideration of the Motion to Consolidate and Certify (as defined below) pending before this Court. In support of the Motion, the Participants state as follows:

## BACKGROUND

Before the Court are several appeals (collectively, the "Steward Appeals") of orders entered by the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") commenced as early as June 2025 by several parties in interest in the

[1] Similar motions were also filed in the Participants' other pending appeals, Civil Action No. 4:25-cv-03824, ECF No. 16, and Civil Action No. 4:25-cv-03830, ECF No. 18.
[2] Similar joinders were also filed in the Participants' other pending appeals, Civil Action No. 4:25-cv-03824, ECF No. 18, and Civil Action No. 4:25-cv-03830, ECF No. 20.

underlying, above-captioned chapter 11 bankruptcy cases of Steward Health Care System LLC and its affiliates (collectively, the "Debtors"). The Steward Appeals include:

(a) the consolidated appeals by the Commonwealth of Massachusetts (the "Commonwealth"), TRACO International Group S. de R.L. ("TRACO"), and the Participants from the Bankruptcy Court's order approving a settlement with the Debtors' lenders [Bankr. ECF No. 5035], docketed as Civil Action Nos. 25-cv-02825 (lead case), 25-cv-02829, and 25-cv-02901 (the "Settlement Appeals");

(b) the appeal by Kevin M. Epstein, the United States Trustee for Region 7 (the "UST") from the Bankruptcy Court's order authorizing plan solicitation [Bankr. ECF No. 5036], docketed as Civil Action No. 25-cv-03755 (the "Solicitation Appeal");

(c) the separate appeals by the Commonwealth, the UST, TRACO, and the Participants from the Bankruptcy Court's order confirming the Debtors' chapter 11 plan [Bankr. ECF No. 5774], docketed as Civil Action Nos. 25-cv-03754, 25-cv-03755, 25-cv-03757, and 25-cv-03830 (the "Confirmation Appeals"); and

(d) the separate appeals by the UST and the Participants from the Bankruptcy Court's order denying motions to dismiss or convert the Debtors' chapter 11 cases [Bankr. ECF No. 5772], docketed as Civil Action Nos. 25-cv-03755 and 25-cv-03824 (the "Dismissal Appeals").

On February 6, 2026, the Court entered an order in Civil Action No. 25-cv-03754

at ECF No. 24 (the "Mediation Order") directing the Plan Trust (as defined in the Mediation Order), the SHC Creditor Litigation Trust, the Class A Trust Beneficiaries (as defined in the Mediation Order), and the Commonwealth to mediate the Commonwealth's Settlement Appeal and Confirmation Appeal pending in this Court and claim disputes and other litigation pending in the Bankruptcy Court (the "Commonwealth Mediation") and appointed the Honorable Michelle Harner of the United States Bankruptcy Court for the District of Maryland as mediator (the "Mediator").

Upon request of the Commonwealth, UST, TRACO, and Participants, the Court held a status conference on the Steward Appeals on May 27, 2026 (the "Status Conference"). At the Status Conference, the Court, in relevant part, abated merits briefing in each of the Steward Appeals and deferred consideration of (i) *The Commonwealth, TRACO, and Participants' Joint (I) Unopposed Motion to Consolidate Appeals of the Settlement Order, Solicitation Order, Dismissal Order, and Confirmation Order; and (II) Opposed Motion to Certify for Direct Appeal* in the Confirmation Appeal [Civil Action No. 25-cv-03754, ECF No. 2] (the "Motion to Consolidate and Certify") and (ii) *Appellees' Motion to Dismiss the Appeals as Moot* in the Settlement Appeals [Civil Action No. 25-cv-02825, ECF No. 22] (the "Motion to Dismiss") pending further order of the Court while the Commonwealth Mediation remained ongoing. The Court's rulings were memorialized in the *Order Abating Merits Briefing, Deferring Consideration of Certain Pending Motions, and Requiring Status Reports* [Civil Action No. 25-cv-03754, ECF No. 42] (the

"Abatement Order").[3] *See* Abatement Order ¶¶ 1-2. However, the Abatement Order provided that "[p]arties to the Steward Appeals that believe their appeals should be considered while the [Commonwealth] Mediation is ongoing may file a motion seeking such relief." *Id.* at ¶ 6.

On July 7, 2026, the Bankruptcy Court entered the *Stipulation and Consent Order Regarding Mediation Among Plan Trust, Litigation Trust, TRACO, Creditors' Committee, and Class A Trust Beneficiaries before the Honorable Michelle Herner* [Adversary Proceeding No. 24-03261, ECF No. 27] (the "Consent Order") authorizing the Plan Trust, the SHC Creditor Litigation Trust, TRACO, the Official Committee of Unsecured Creditors (the "Committee"), and the Class A Trust Beneficiaries to enter into non-binding mediation to attempt to resolve their open disputes, including the Steward Appeals commenced by TRACO (the "TRACO Mediation" and with the Commonwealth Mediation, the "Mediations").

On July 10, 2026, UST filed in the Solicitation Appeal, pursuant to the Abatement Order, the *Motion of Appellant Kevin M. Epstein, United States Trustee, to Lift Abatement of Merits Briefing* [Civil Action No. 25-cv-03755, ECF No. 22] (the "UST Motion"), which requests relief similar to that requested in the Motion for Relief. On July 10, 2026, the Participants filed their Motion for Relief. The Debtors objected to the UST Motion and the Motion for Relief, *see, e.g.*, Civil Action No. 4:25-cv-03830, ECF No. 18; Civil Action No. 4:25-cv-03755, ECF No. 23, and the Commonwealth joined in the opposition, Civil

[3] The Court entered a similar order on the dockets of all Steward Appeals.

Action No. 4:25-cv-02825, ECF No. 32. On July 24, 2026, the UST filed a reply in support of the UST Motion, Civil Action No. 4:25-cv-03755, ECF No. 24, and the Participants filed their Reply. The UST Motion and Motion for Relief are fully briefed and remain pending before this Court.

On August 27, 2026, the Mediator submitted the *Mediator's Third Interim Status Report* [Civil Action No. 4:25-cv-03754, ECF No. 46] in which the Mediator expressed that the Commonwealth Mediation would not be complete by September 11, 2026, as initially suggested. The Mediator did not speculate on a completion date for the Commonwealth Mediation.

**JURISDICTION AND VENUE**

The Court has jurisdiction to consider this matter under 28 U.S.C. § 158(a). This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**RELIEF REQUESTED**

Participants move this Court for relief from the abatement of merits briefing deadlines in the Steward Appeals and deferral of consideration of the Motion to Consolidate and Certify, as applicable to the Participants, notwithstanding the ongoing Mediations.

**BASIS FOR RELIEF**

Federal Rules of Bankruptcy Procedure 8013 and 9006, and the Federal Rule of Appellate Procedure 27(a)(3)(B) provide this Court with the ability to manage timing issues related to appeals of Bankruptcy Court orders in its discretion at the request of a

party. This Court also has the "inherent" power to hold cases in abeyance, "incidental to the power . . . [of] every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Nevertheless, "the primary goal of courts as enforcers of the bankruptcy rules should be to ensure the swift and efficient resolution of disputes pertaining to the distribution of the bankruptcy estate." *In re CPDC Inc.*, 221 F.3d 693, 700 (5th Cir. 2000); *see also League of Women Voters of Louisiana v. Landry*, No. CV 25-413-JWD-SDJ, 2025 WL 3516786, at *2 (M.D. La. Dec. 8, 2025) ("A court must also be mindful of its paramount obligation to timely hear the cases on its docket." (internal citation and quotations omitted)). Prejudice to non-moving parties must be considered when evaluating timing issues or abatements to deadlines. *See, e.g.*, *League of Women Voters*, 2025 WL 3516786 (when evaluating whether to stay proceedings pending approval of a government agency, holding that a clear showing by non-moving parties of prejudice by the stay weighed against granting the stay where other "competing interests" were not clearly demonstrated).

This request for relief is sought in the interest of justice, and no party will be prejudiced if the requested relief is granted because the Mediations are wholly distinct from the Steward Appeals involving the Participants; the Mediations, even if successful, will not resolve any issue existent in the Participants' appeals. In other words, the Participants' appeals are and will be completely unaffected by the Mediations and will still transpire irrespective of the outcome of the Mediations. Nothing in the precedential case law, federal law, or federal rules (bankruptcy or otherwise) requires that all Steward Appeals need to

be stayed while the Mediations continue. Pausing adjudication of all Steward Appeals while the Mediations remain ongoing,[4] particularly when parties to the Mediations have not clearly demonstrated the need to pause such adjudication, unduly prejudices parties unrelated to the Mediations, including the Participants, and needlessly delays pending appeals, in contravention of the Court's "primary goal."

Therefore, to maximize judicial efficiency and ensure the swift and efficient resolution of the Steward Appeals, and given that at least some of these appeals have been pending for roughly a year, determination on consolidation of (at least some of) the appeals, particularly as they relate to the Participants (and, in fact, any other parties not involved in the Mediations), is warranted. Once consolidated, the Court can then establish a new briefing schedule tailored in the most efficient manner to resolve the issues presented in the Dismissal, Confirmation, and Settlement Appeals accordingly.

## CONCLUSION

WHEREFORE, Participants respectfully request that the Court grant the relief requested herein, make a determination on the Motion to Consolidate and Certify, and

[4] In fact, there is no clear indication of when the Mediations would even conclude. See, for example, the Abatement Order, which provides that "parties to the [Commonwealth] Mediation shall file a status report regarding the [Commonwealth] Mediation by July 13, 2026, *and every 45 days thereafter so long as the [Commonwealth] Mediation continues*[.]" (emphasis added). Furthermore, the Mediator expressed in the latest report that the Commonwealth Mediation would likely not conclude by September 11, 2026, as originally thought, and the Mediator did not speculate on a completion date for the Commonwealth Mediation. This adds further uncertainty on when the Commonwealth Mediation would actually conclude. Any information on the timing of the TRACO Mediation is unknown.

reinstate briefing deadlines in the Steward Appeals as they relate to the Participants and grant such other relief as the Court deems just and proper.

Dated: September 2, 2026

*/s/ Brian Hogue*

Allan B. Diamond, Esq.
Christopher D. Johnson, Esq.
Brian R. Hogue, Esq.
Diamond McCarthy, LLP
2200 Post Oak Boulevard, Suite 1000
Houston, TX 77056-4716
Telephone: (713) 333-5100
Facsimile: (713) 333-5199
Email:
allan.diamond@diamondmccarthy.com
chris.johnson@diamondmccarthy.com
brian.hogue@diamondmccarthy.com

Robert J. Keach, Esq., *admitted pro hac vice*
Lindsay K. Milne, Esq.
Letson D. Boots, Esq., *admitted pro hac vice*
Jennifer Novo, Esq., *admitted pro hac vice*
Verrill Dana LLP
One Portland Square, 10th Floor
Portland, ME 04101
Telephone: (207) 774-4000
Facsimile: (207) 774-7499
Email:
rkeach@verrill-law.com
lmilne@verrill-law.com
lboots@verrill-law.com
jnovo@verrill-law.com

*Counsel for the Participants / Appellants*

**CERTIFICATE OF COMPLIANCE**

This motion complies with: (1) the type-volume limitation of Federal Rule of Bankruptcy Procedure 8013(f)(3)(A) and this Court's Court Procedures because, excluding the parts of the document excluded from calculation under Federal Rule of Bankruptcy Procedure 8015(g), it contains 2,015 words; and (2) the typeface and type-style requirements of Federal Rule of Bankruptcy Procedure 8013(f) and this Court's Court Procedures because this document has been prepared in a proportionally spaced typeface (13-point Times New Roman) using Microsoft Word (the same program used to calculate the word count).

*/s/ Brian Hogue*
*Counsel for Participants*

**CERTIFICATE OF CONFERENCE**

Undersigned counsel understands from the statements made by counsel for the Commonwealth and Appellees at the May 27, 2026 status conference and in response to Participants' Motion for Relief that this motion is opposed.

*/s/ Brian Hogue*
*Counsel for Participants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2026, I caused the foregoing motion to be filed via the Court's CM/ECF system and it was served by the Court's electronic noticing service to all parties registered to receive ECF notice.

*/s/ Brian Hogue*
*Counsel for Participants*